CHANDLER & al. versus McCARD. & al.

In a conveyance by monuments, distances and *quantity*, the latter, being the most uncertain *description*, must yield to the former.

ON REPORT from *Nisi Prius*, APPLETON, J., presiding.

TRESPASS *quare clausum.*

The parties are owners of the north and south portions of the same lot. A four rod strip between them was claimed by both parties, and on this strip was the alleged trespass.

The title of the plaintiff through mesne conveyances, was derived from John Amory to one Thomas Allen, by his deed of March 19, 1832. The description in that deed was thus: "beginning at the north-east corner of said lot, on the town line; thence running south two degrees west on the town line, ninety-six rods, to a stake; thence west two degrees north, two hundred and twelve rods, to the east side of a town road; thence northerly by said road to the north line of said lot; thence east two degrees south on said north line, one hundred and forty rods, to the boundary first mentioned, *containing seventy-five acres, however otherwise they may be bounded.*"

Evidence was introduced by defendants, subject to objection, tending to show that it was the intention of the parties to Allen's deed, that he should have just seventy-five acres; and that Allen said he was to have that number only; that in 1837 the proprietors run off his land and the surveyor made a mistake in his running; it was discovered by him, but it was too dark to correct it; that Allen asked if he might not have the overplus, to which inquiry was answered, that the deed had been made, and could not be altered.

The plaintiff introduced evidence tending to show his occupation of the greater part of the land in dispute down to 1849, when the defendant run a fence about four rods further north across the lot, taking into his possession the tract now in dispute.

It appeared that if the plaintiff was limited to seventy-five acres, he had no complaint against the defendants.

The Court were authorized to render a legal judgment on the evidence admitted, and if a default was entered, the damages were agreed to be $10,00.

*Ingersoll,* for defendants.

*A. Sanborn,* for plaintiffs.

SHEPLEY, C. J. — The question presented is, whether the plaintiffs have acquired title to the tract of land described in the conveyance made on March 19, 1832, by John Amory to Thomas Allen, being part of lot numbered one, in the fourth range of lots in the town of Exeter, or to seventy-five acres of the north-east part of it.

After a description of the lot conveyed, by monuments, lines and distances, the deed contains these words, "containing seventy-five acres, however otherwise they may be bounded."

When in addition to such a particular description, the quantity of land is named, the whole is to be considered as descriptive; and the quantity being the less certain part of the description, must yield to the more certain, and the description by boundaries becomes conclusive. *Powell* v. *Clark,* 5 Mass. 355. This rule is too well established to be affected by considerations that the parties to a conveyance may in their ignorance of it, have supposed that the less certain description would prevail over the more certain. In the recent case of *Pierce* v. *Faunce,* 37 Maine, 63, this rule was enforced against considerations of more weight than are presented in this case.

If the stake named in the deed from Amory to Allen as standing at the termination of the first line is found, that will determine its length; and if it be not found its length will be determined by the number of rods named in the deed. *Heaton* v. *Hodges,* 14 Maine, 66.

The acts of the parties and their declarations are not suf-

ficient to destroy or vary their legal rights, as exhibited by
the deed.                    *Defendants defaulted.*

*Judgment for $10 damages.*

TENNEY, HOWARD and HATHAWAY, J. J., concurred.